# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF MICHAEL H. HAMILTON, BAR NO. 7730

No. 81256

FILED

SEP 11 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Michael H. Hamilton. Under the agreement, Hamilton admitted to violating RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.15 (safekeeping property), and RPC 8.1 (b) (disciplinary matters). He agreed to a four-year suspension to run concurrently with a previously imposed suspension, and to the payment of costs.

Hamilton has admitted to the facts and violations as part of his guilty plea agreement. The record therefore establishes that Hamilton violated the above-referenced rules by failing to (1) pay a client's lienholders following settlement of a personal injury claim, (2) falsely telling the client that he had paid the lienholders when he instead misappropriated the money, (3) return the client's phone call, and (4) respond to the State Bar's inquiries about the client's grievance.

The issue for this court is whether the agreed-upon discipline sufficiently protects the public, the courts, and the legal profession. In determining the appropriate discipline, we weigh four factors: "the duty

20-33455

violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Based on the duties Hamilton violated, and because he acted knowingly in violating RPC 1.15 and RPC 8.1(b) and with a pattern of neglect in violating RPC 1.3 and 1.4, which resulted in actual injury to his client and the profession, the baseline sanction before considering aggravating and mitigating circumstances is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.12 (Am. Bar Ass'n 2018) ("Suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client."). The record supports the panel's findings of four aggravating circumstances (prior disciplinary offenses, pattern of misconduct, multiple offenses, and substantial experience in the practice of law), and three mitigating circumstances (absence of dishonest or selfish motive, cooperative attitude toward proceedings, and remorse). Considering the factors outlined in *Lerner*, we conclude that the agreed-upon discipline is appropriate and serves the purpose of attorney discipline. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (recognizing that the purpose of attorney discipline is to protect the public, courts, and the legal profession, not to punish the attorney).

Accordingly, we hereby suspend attorney Michael H. Hamilton from the practice of law in Nevada for a period of four years to run concurrently with his suspension addressed in Docket Nos. 78101 and

80556,[1] such that both periods of suspension will end on November 8, 2023. Additionally, Hamilton must pay the costs of the disciplinary proceeding, including $2,500 under SCR 120 within 30 days from the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____Pickering_____, C.J.
Pickering

_____Gibbons_____, J.
Gibbons

_____Hardesty_____, J.
Hardesty

_____Parraguirre_____, J.
Parraguirre

_____Stiglich_____, J.
Stiglich

_____Cadish_____, J.
Cadish

_____Silver_____, J.
Silver

cc:   Chair, Southern Nevada Disciplinary Board
      Bar Counsel, State Bar of Nevada
      Michael H. Hamilton
      Executive Director, State Bar of Nevada
      Admissions Office, U.S. Supreme Court

---

[1]Hamilton's misconduct in this matter occurred during roughly the same time as the misconduct addressed in *In re Discipline of Hamilton*, Docket No. 78101 (Order Approving Conditional Guilty Plea, May 14, 2019), for which he was suspended for 4 years, with all but the first 6 months stayed. We imposed the remaining 42 months of that suspension in Docket No. 80556, after Hamilton violated certain conditions of the stay. *In re Discipline of Hamilton*, Docket No. 80556 (Order of Suspension, May 8, 2020).